**ORIGINAL**



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO TORRES-ALCANTAR,<br><br>Defendant. | Cr. No.  07-2508GT<br><br>**ORDER** |

On January 22, 2008, Defendant, Fernando Torres-Alcantar ("Mr. Torres"), came before the Court for a hearing on his OSC. Mr. Torres filed Objections to the PSR, which are discussed below.

## BACKGROUND

On October 3, 2007, Mr. Torres, pled guilty to three counts of Illegal Entry (one misdemeanor, two felonies), in violation of 8 U.S.C. § 1325. Mr. Torres filed objections. Probation filed an Addendum.

//

|     |                                                                                         |
| --- | --------------------------------------------------------------------------------------- |
| 1   | On August 10, 2007, a border patrol agent was patrolling the border about 3.5           |
| 2   | miles east of Calexico. At approximately 1:30 a.m., the agent observed an individual climb the |
| 3   | fence and run north. The agent detained the individual, who identified himself as Mr. Torres. |
| 4   | Mr. Torres admitted he was a Mexican citizen without legal authorization to enter the United |
| 5   | States.                                                                                 |

Mr. Torres was advised of his rights, which he waived. He then admitted he had been previously deported. He also admitted he had illegally entered the United States by jumping the boundary fence.

## OBJECTIONS TO PSR

1. **Pg i: AKA's & Birthdates: DENY.**

    Mr. Torres objects to and does not admit the accuracy of the various alias and dates of birth. Probation states this information was complied from FBI and California rap sheets. It was verified by fingerprint analysis.

2. **Pg :Offense Conduct: DENY.**

    Mr. Torres objects to and does not admit the accuracy of the information stated in the offense conduct section. He states the factual basis for the plea is laid out in the plea agreement. Probation states this information was taken from the incident report. This document was released to the probation officer and Mr. Torres.

3. **Pgs 3-7: Criminal History Information: DENY.**

    Mr. Torres objects to all the information in this section because he states the probation officer did not submit any supporting documentation. Mr. Torres requests that this supporting documentation be provided to him. Mr. Torres also objects to the information regarding his immigration history, personal and family data. Probation states it contacted a US Immigration and Customs Agent who reviewed

the immigration records. The agent confirmed Mr. Torres' previous deportation dates. This information was given to Mr. Torres. Probation also states the information regarding Mr. Torres' personal and family data was taken from a San Diego County Probation Department report (case # CRN17537). This report was compiled from information Mr. Torres provided and the report was filed in San Diego Superior Court.

Probation also states that the documents for case CRN17537 are attached to the addendum. The documents for cases BA178203 and BA218883 are ordered. They will be sent to defense counsel as soon as Probation receives them.

4.  **Unreliability of PSR: DENY**

Mr. Torres objects to the Court's reliance "in any determinative way on the factual assertions made in the PSR." Mr. Torres relies on cases which are not applicable to his case. The cases cited by Mr. Torres relate to determining whether or not a prior conviction was a crime of violence or qualifies as a predicate offense for a sentencing enhancement. Mr. Torres arguments revolve almost exclusively around what is sufficient information and evidence to support a sentencing enhancment, which is not the case here. The Ninth Circuit has consistently held that the district court may rely on "any information . . . so long as it has sufficient indicia of reliability to support its accuracy." United States v. Romero-Rendon< 220 F.3d 1159, 1161-62 (9th Cir. 2000) *quoting* United States v. Marin-Cuevas, 147 F.3d 889 (9th Cir. 1998). In this case, Probation has reviewed and attached documentation supporting Mr. Torres' prior convictions. Also, Mr. Torres agreed to the +16 for prior aggravated felony in the plea agreement. Hence, Mr. Torres' arguments about the reliability of the PSR are not applicable in his case. Accordingly,

//

//

//

1     **IT IS ORDERED** that Mr. Torres Objections to the PSR are **DENIED**.

Jan. 22 2008
date

*[signature]*
GORDON THOMPSON, JR.
United States District Judge